**Jason Vogelpohl #252407**
**Central Coast Bankruptcy, Inc.**
532 Pajaro Street
Salinas, CA, 93901
831.783.0260 – Telephone
831.585.1024 – Facsimile

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

MANZANARES, Efrain

MANZANARES, Nora

Debtor(s)
_______________________________________/

Case No. 19-51427
Chapter 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXTEND AUTOMATIC STAY**

I. Section

Section 362(c)(3)(A)of the Bankruptcy Code provides that the Automatic Stay under sect. 362(a) shall terminate on the 30th day following the case filing if the debtor had a previous bankruptcy case pending within the previous year. Sect. (c)(3)(B), however, provides that the court may extend the Automatic Stay past the initial 30 days if a party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.


Case: 19-51427 Doc# 9-1 Filed: 07/17/19 Entered: 07/17/19 12:13:59 Page 1 of 5

Section(c)(3)(C) lists certain fact situations which raise the presumption that the new filing is not in good faith. Such presumptions, if they arise at all, may be rebutted by clear and convincing evidence:

--That there has not been a substantial change in the financial or personal affairs of the debtor since the earlier case dismissal, or any other reason not to conclude that the new case will be concluded with a confirmed plan that will be fully performed.

II. Certain presumptions not applicable in this case.

In the earlier case the debtors did not fail to file or amend a document as required by title 11 or court order. In the determination of good faith, therefore, the only presumptions that might apply are (a) failure to make their Plan payments and (b) possible lack of good faith if (1) there has not been a substantial change in the financial or personal affairs of the debtor since the earlier case was dismissed, or (2) if there is any reason to conclude that the present case will not be concluded with a confirmed plan that will be fully performed.

III. Changes in circumstances

The Court's primary inquiry in this motion is whether the debtors present case is filed in good faith. This inquiry's primary focus is whether there is a substantial change in the debtors' financial or personal affairs since the time of the previous case. As stated in the debtors' Declaration in Support of Motion, they filed their previous case on April 26, 2018 primarily because of a decline in their income and to prevent foreclosure of their home.

Their order of dismissal was filed on April 29, 2019.

Case: 19-51427 Doc# 9-1 Filed: 07/17/19 Entered: 07/17/19 12:13:59 Page 2 of 5

The debtors have now re-filed their case mainly because of the overwhelming debt, to avoid a wage order and seek relief from all of their unsecured creditors. With a new 60-month maximum term they propose a Plan payment that they can afford.

IV. Application of *In re Warren* factors

The general determination of good faith may be made through the application of the factors stated in (*In re Warren*, 89 B.R. 87(9TH Cir., 1998).

a. The amount of the proposed payments and the amount of the Debtors' surplus: The debtors propose to pay $1,975.00 monthly payable over 60 months which includes the debtors' monthly mortgage payments. After the debtors' monthly expenses are accounted for, they will have sufficient disposable income for the Plan payments.

b. The debtors employment history, ability to earn and likelihood of future increases in income: Mr. Efrain Manzanares is currently employed full-time at Mann Packing as a Forklift Operator and earns approximately $4,907.40 gross monthly. The debtors have sufficient income to cover their Chapter 13 plan payment as well as meet their monthly living expenses.

c. The expected duration of the Plan: The debtors propose payments for 60 months.

d. The accuracy of the statement of debts, expenses and percentage of repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court: The debtors' Petition, Schedules, and Plan are believed to be accurate.

Case: 19-51427 Doc# 9-1 Filed: 07/17/19 Entered: 07/17/19 12:13:59 Page 3 of 5

e. The extent of preferential treatment between classes of creditors. The secured claim of Ocwen Loan Servicing will be paid through the debtors' Chapter 13 Plan. There is no classification of other unsecured claims.

f. The extent to which secured claims are modified:

(1) Unsecured claims will receive 0 cents on the dollar.

g. The type of debt proposed to be discharged and whether any such debt is non-dischargeable in Chapter 13: The claims non-dischargeable in this case are priority tax debts owed to the IRS and Franchise Tax Board. As to general unsecured claims the payment distribution is 0%.

h. Special circumstances such as inordinate medical expenses: The debtors' unsecured claims are primarily credit card debt.

i. The frequency with which the debtor has sought bankruptcy relief. This is the debtors' second bankruptcy filing.

j. The motivation and sincerity of the debtors in seeking Chapter 13 relief: Mr. and Mrs. Manzanares originally filed a Chapter 13 bankruptcy case to stop a pending foreclosure as they were no longer able to pay back their creditors due to loss of income after Mrs. Manzanares suffered a stroke. After the filing of their case, they instantly gained immediate relief from all creditors. However, several months into their case, they began to struggle financially when Mr. Manzanares had a reduction work hours. This made it very difficult for Mr. and Mrs. Manzanares to keep up with their household expenses. Due to working less hours, Mr. and Mrs. Manzanares became unable to remit their monthly mortgage payments and as such were unable

Case: 19-51427 Doc# 9-1 Filed: 07/17/19 Entered: 07/17/19 12:13:59 Page 4 of 5

to provide their quarterly declaration with verification of payments and a sa result their case was dismissed.

k. The burden which the Plan's administration places upon the Trustee: No unusual burden is expected.

V. Conclusion

Based on the above factors the debtors request that this Court determine that this case filing is done in good faith and that no presumption of lack of bad faith arises, and to therefore continue the Automatic Stay past the initial thirty-day period.

Respectfully submitted,

Dated: July 17, 2019

/s/Jason Vogelpohl 252407
JASON VOGELPOHL
Attorney for Debtors